IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

POPULAR AUTO, LLC.

    Plaintiff,

    v.

FRANCISCO GUERRERO RIVERA

    Defendant.

CIVIL NO.: 13-1612 (MEL)

**OPINION AND ORDER**

I.   **PROCEDURAL HISTORY**

On August 9, 2013, Popular Auto, LLC, formerly, Popular Auto Inc. ("Popular Auto" or "plaintiff") filed a complaint against Francisco Guerrero Rivera ("defendant") for enforcement of a preferred mortgage on the vessel M/V GOZADERA and for outstanding indebtedness secured by the mortgaged vessel. ECF No. 1, at 1. On October 25, 2013 defendant filed a motion to dismiss for lack of subject matter jurisdiction. ECF No. 10. The motion was denied on September 18, 2014, as the clear language of Title 46 of The United States Code allows for Popular Auto to enforce a claim in federal court for outstanding indebtedness on a mortgaged vessel. ECF No. 18. On March 3, 2015, plaintiff filed a motion for summary judgment arguing that the court should grant remedies consisting of a deficiency sum of $237,446.39, plus accrued interest at 7.74% in the amount of $49.34 *per diem,* and attorney's fees in the agreed amount of 15% of principal ($60,712.07). ECF No. 29-2, at 13. Pending before the court is plaintiff's motion for summary judgment. ECF No. 29. No opposition to the motion for summary judgment has been filed. Plaintiff filed a motion requesting that the motion for summary judgment be

deemed unopposed and fully briefed, and defendant filed a response to that motion. ECF Nos. 30, 31. Said response, however, does not speak to the merits of the summary judgment motion, but merely restates the argument that defendant made in his motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, defendant's motion for summary judgment is granted.

## II.   UNCONTESTED FACTS

On May, 24, 2012, defendant signed a first preferred mortgage on the vessel M/V GOZADERA. ECF Nos. 29-1, ¶ 1; 1-1. The preferred mortgage lien includes the vessel in its entirety. ECF Nos. 1, ¶ 2; 1-1. On June 4, 2012, the preferred mortgage was documented with the United States Coast Guard to complete statutory filing requirements under Title 46 of The United States Code, Section 31321(b). ECF Nos. 29-1, ¶ 8; 29-4. In order to secure the obligations, a promissory note substantiated the principal amount of $404,747.13, with an interest rate of 7.74% *per annum* on each installment after maturity, in one initial installment of $4,349.02 to become due on June 24, 2012, 58 consecutive monthly payments of $4,349.02 to become due on the same date of each subsequent month and a final payment in the amount of $282,833.27 plus accrued interest. ECF Nos. 29-1, ¶ 1; 1-2. The final payment would be due May 24, 2017. Id.

In the event of default, the preferred mortgage dictates that Popular Auto has the right to declare the principal and all accrued interest at the same rate provided for in the promissory note. ECF Nos. 1, ¶ 3; 1-1. Further, it designates Popular Auto the right to hold, lease, charter, operate or otherwise use the vessel for such terms as it may deem advisable in plaintiff's or defendant's name. Id. The terms of the mortgage contain a clause stating that Popular Auto may retake the vessel without legal process at any time without being responsible for loss or damage, and dock it free of charge at defendant's premises or elsewhere at defendant's expense. ECF Nos. 29-1, ¶

4; 1-1. The terms also state that Popular Auto may sell the vessel and become purchaser, free from any claim by defendant in the manner provided by law, without notice, and without having the vessel present. Id. Another provision indicates that Popular Auto is entitled to collect any deficiency regarding the debt. ECF. Nos. 29-1, ¶ 5; 1-1. Delay in payment of the principal, any installment payment, or in punctual performance of any other provision constitutes an event of default. ECF Nos. 29-1, ¶ 6; 1-1. The promissory note, which defendant signed before a notary public, states that the defendant promises to pay Popular Auto any collection expenses including attorney's fees equal to 15% of the principal. ECF Nos. 29-1, ¶ 7; 1-1.

On or around December 24, 2012, defendant defaulted on the mortgage and voluntarily surrendered M/V GOZADERA to the plaintiff, executing all documents in order to transfer title and ownership. ECF Nos. 29-5, ¶ 5; 4-1. The voluntary surrender agreement, which defendant signed before a notary public, clearly states that the debtor acknowledges that Popular Auto may sell or otherwise dispose of the vessel in any reasonable manner and that defendant is still responsible for any deficiency regarding the remaining debt, minus the net amount of the sale, but plus the costs incurred in the collection, possession, maintenance, repair, preparation for sale, and sale endeavors. ECF Nos. 29-1, ¶ 11; 4-1. In addition, the debtor waived the right to be previously notified of any sale of the vessel. Id. The voluntary surrender agreement further states that defendant acknowledges that the surrender or sale of the vessel by Popular Auto is not a waiver or release of any collateral guarantee regarding defendant's obligation until such obligation is fully paid. ECF Nos. 29-1, ¶ 12; 4-1. The agreement also verifies that defendant received a copy of the document prior to its execution for review and that he signed it freely after reasonable opportunity to study it and to consult with his attorneys. ECF Nos. 29-1, ¶ 13; 4-1.

At the time of default plaintiff owed the remaining balance of $394,497.14. ECF No.1, ¶ 15. On April 22, 2013, Popular Auto sold M/V GOZADERA to a third party in the amount of $165,000.00, leaving a deficiency in the amount of $237,446.39, which includes $7,949.25 in expenses necessary to accomplish the sale of the vessel. ECF No. 1, ¶ 13-14; 4-2. As of February 24, 2015, defendant is indebted to Popular Auto for the deficiency payment, interest in the amount of $41,515.89 at the rate of 7.74% annually, which continues to accumulate in the amount of $49.34 *per diem*, plus 15% of liquidated attorneys' fees, legal interest, and collection expenses. ECF No. 29-1, ¶ 15.

### III.   LEGAL STANDARD

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation.'" Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera-Martínez v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d

112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug., Inc., 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts" in the record "that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995).

In assessing a motion for summary judgment, the court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Scott v. Harris, 550 U.S. 372, 378. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. P. R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). The court may, however, safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted).

### IV. LEGAL ANALYSIS

A preferred mortgage is valid when it (1) includes the whole vessel; (2) is filed in "substantial compliance" with 46 U.S.C. § 31321(b); and (3) covers a documented vessel or one for which an application for documentation is filed. 46 U.S.C § 31322(a). The mortgage must be filed with the Secretary of the Department of Homeland Security, indicate the identity of the vessel, the name and address of each party, the obligations that are secured by the mortgage, the interest of the mortgagor in the vessel, the interest mortgaged, and be signed and acknowledged by the parties. 46 U.S.C. § 31321(b).

Federal law permits that on default of any term of the preferred mortgage, the mortgagee may enforce the preferred mortgage lien in a civil action *in rem* for a documented vessel, or

enforce a claim for the outstanding indebtedness secured by the mortgaged vessel in a civil action *in personam* in admiralty against the mortgagor for the amount of the outstanding indebtedness. 46 U.S.C. §§ 31325(b)(1)-(2). Further, the statute allows for an action seeking the amount of any deficiency in full payment of that indebtedness. Id.

The plaintiff has established that the preferred mortgage is valid as it involves the entire vessel and was filed with the Department of Homeland Security in compliance with 46 U.S.C. §§ 31321(b) and 31322(a), and documented with the U.S. Coast Guard on June 4, 2012. ECF Nos. 29-1, ¶¶ 2, 8; 29-4. Defendant defaulted on the mortgage, and voluntarily surrendered the vessel giving rise to a claim for the outstanding indebtedness of the mortgage. ECF Nos. 29-1, ¶¶ 9, 10; 4-1. It has been established and admitted that defendant signed both the promissory note, and the voluntary surrender agreement which explicitly indicates that the defendant will continue being responsible for any deficiency regarding the debt remaining minus the net amount of the sale and adding the costs incurred in the collection, possession, maintenance, repair, preparation for sale and sale endeavors. ECF. Nos. 29-1, ¶¶ 1, 7; 29-3. Further, "(w)here a guaranty is unconditional, a creditor, at least absent willful or grossly negligent waste or misconduct, may recover a deficiency judgment from an unconditional guarantor without regard to the creditors' treatment of the collateral." Mendelson v. Maplewood Poultry Co., 684 F.2d 180, 183 (1st Cir. 1982).

At the time of default, the remaining debt was $394,497.14. ECF No.1, ¶ 15. Plaintiff sold the vessel for $165,000.00 and incurred $7,949.25 in expenses,[1] leaving a remaining deficiency payment of $237,446.39. ECF. No. 1, ¶ 15; No. 4-2. Additionally, the promissory note indicated that defendant agreed to pay attorney's fees equal to 15% of the principal in the event of default, amounting to $60,712.07. ECF. No. 1-2.

---

[1] A detailed breakdown of the expenses is included in the Verified Complaint. See ECF No. 1, ¶ 14.

Finally, plaintiffs argue that attorney's fees ought to be granted for defendant's alleged obstinacy and temerity. Defendants' conduct does not rise to the level where additional attorney's fees are appropriate. For a finding of obstinacy, the court must find that a party was "stubbornly litigious, prolonging the duration of the suit or causing the plaintiff unnecessary inconvenience and expenses. Rivera v. Rederi A/B Nordstjernan, 456 F.2d 970, 975 (1st Cir. 1972). Although defendant, despite the court's previous ruling on the motion to dismiss, has clarified that his lack of opposition to the motion for summary judgment should not be construed as a waiver of his argument that that there is a lack of subject matter jurisdiction, his filings have not brazenly protracted the present litigation to the point that would warrant the imposition of attorney's fees for obstinacy and temerity.

### V.    CONCLUSION

Given that the defendant has not presented evidence to the contrary, there is no genuine dispute of any material fact. Plaintiff's claims that the mortgage is valid, that the defendant has defaulted, and that there is a cause of action for the amount of indebtedness go uncontested. The particular amounts of debt have been determined based on the terms of the mortgage and the promissory note, and are also uncontested. See Popular Auto, Inc. v. M/V "CUKINA', WL 368134, at *5 ("having duly established the amounts owed to plaintiff Popular Auto by defendants by summary disposition and its entitlement to foreclose on the preferred ship mortgage and the sale of the vessel, judgment is to be entered in favor of plaintiff and against defendants"). The only argument that defense has presented in opposition is that there is a lack of subject matter jurisdiction, an argument that has already been addressed by the court.

For the foregoing reasons, plaintiff's motion for summary judgment (ECF No. 29) is GRANTED in the amount of the deficiency sum of $237,446.39, plus accrued interest at 7.74%

in the amount of $49.34 *per diem,* and attorney's fees in the agreed amount of 15% of principal ($60,712.07).

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 16th day of July, 2015.

s/Marcos E. López<br>
U.S. Magistrate Judge